Thank you. May it please this court. This case involves an appeal from a bankruptcy court decision which wound its way through the 8th Circuit Bankruptcy Appellate Panel and it concerns a Minnesota State Court property tax refund under Section 290A and whether that is relief based on need under Minnesota statute section 550.37. I don't think it's relief. I think it's government assistance based on need. Thank you, your honor. Isn't that right? I want to make sure we're on the right turn. Doesn't the statute say government assistance based on need? You said relief based on need. I want to make sure I'm not wrong, your honor. Okay. So what happened here procedurally is there was a preceding case which was on the exact same statutory analysis called Grace Johnson. That case went up to the BAP a few years ago. Right before that, the BAP had made a decision in the Hardy case which concerned the additional child tax federal credit under a Missouri relief based statute that the BAP found was similar to the Minnesota statute and relying on the Hardy case, the Grace Johnson case, the exemption was denied and thereafter Grace Johnson was not appealed. Hardy was appealed. This court reversed and we are essentially here asking today that not only that this court reversed the BAP but also to explicitly overrule Grace Johnson in light of this court's decision in Hardy. Now what the Hardy court did in its analysis is it started out looking at the statutory definition and found that it could not clearly ascertain whether the particular statute qualified. In this case, there is a Minnesota non-exclusive list under 550.37. For what it's worth, one of the types of government assistance based on need is Supplemental Security Income, SSI, and in order to qualify for SSI, a person who does not get a property tax refund under federal law can still qualify for SSI. I don't know that that is definitive on the definition part but I think it's instructive. How so? How is it instructive for the issue we're facing? Because anybody who gets a property tax refund and who then applies for Supplemental Security Income is still going to get that because they're still deemed eligible for that program and then all of a sudden, they become a recipient of government assistance based on need under Minnesota statute. What the Hardy court then did is... How does this work, this refund? I know the briefs go back and forth about whether it's truly a refund but... Oh, it's not. Well, explain how it works under Minnesota law. There's a little chart that a taxpayer gets in Minnesota that says, you pay so much in property taxes and this is where it goes. There's all of these different local entities, there's the... So where did she pay her property tax? Well... To a county? To the county and then the county distributes it. There's a school district, they have different bonding, they've got mosquito districts and they've got the Metropolitan Council that takes care of a lot of the infrastructure. It's paid into the county but then this quote unquote refund comes, you say, out of the state's general fund? Right, right. It comes directly from the... Does the county get to keep 100% of what she pays in for its use or is there some kind of arrangement with the state where there's an offset or... I'm not aware of anything. As the statute says clearly, it comes from the state's general fund directly from the state. Can the refund exceed what's paid? No, I think that there's a formula in there and I know that the maximum refund is $2,500. I don't know that anybody's property taxes would be less than that insofar as a homeowner but whether it could exceed that or not, I think as a practical matter, probably not. I'm not certain as far as whether there's a cap on that. What do you think based on need means in the exemption statute? I think it means means tested. I think that the legislature sets a line in the sand and they say at a certain point, you make too much and you don't qualify, you don't make enough, you're below this threshold and therefore you need it. And I think... Do you think it matters where the threshold is? In other words, if the threshold is very high such that high income people are getting the benefit, could it still be quote based on need or does based on need imply some kind of low income status where you're getting basic life necessities? I don't think that it requires indigency or poverty. And whether there could be a line that exceeds good conscience where at all points this would never be based on need, I don't know that that's necessarily the case here because what we've got is a statute that goes up to, provides this assistance up to incomes for homeowners of $105,000 up to $57,000 for renters and in those circumstances as the homeowner's income increases, the amount of the refund phases out. One of the things that the court did point out in Hardy 2 was that just because some people who might be higher income benefit from this does not make it dispositive that this is not relief based on need. But the predominant effect and the predominant beneficiary of this statute, as in Hardy, are the lower income homeowners. Now... How do we know that? Is there some data in the record about who benefits predominantly? No, that's just if you... If you just... Just because of the way the formula works? Because of the way the formula works, if you just assume that people's income were scattered between $30,000 and $100,000, most of the money would be at the lower end of that range of whether the actual, there's more people in the $90,000 range or the $40,000 range, there wasn't any evidence before the court to that regard. Now, a big part of what this court did in Hardy was looking at the legislative history and determined that's what the BAP had not done in that case. And when looking at the legislative history, when you go back through it, and also before you get to legislative history, you get to legislative intent, which is set forth in the Murphy v. Hineker case, which basically just says that this is for shifting property tax burdens based on ability to pay. Then you turn next, and so I don't know that that's that unclear when you get to the legislative intent. When you turn, the court then turns to the legislative history. I think throughout the legislative history, you can see attempts on the part of the legislature to make this more available for people of lower income. And I think what the BAP pointed out in this particular case was that while some of these actually don't benefit people of, or don't have any caps on it, because there is a separate statute, 290A subdivision 2H, which is for people whose property taxes have increased by at least 12%. That has no income limits on it. That is not the statute that's in the subdivision of the statute that's involved in the facts of this case. And the BAP in both the Grace Johnson case and in this case had a tough time divorcing that concept of looking at different subdivisions of the statute and lumping my client's facts in potentially with people who make a million dollars a year whose property taxes went up from $80,000 to $100,000, and they got some of that back. But those are different facts, and that's not what's in front of this court. And I still struggle with why the BAP said that they had to lump all that in, because I thought that's what courts were supposed to do, was only decide the issue that's in front of the court. So you think about the fact that the list of things in the statute, are you familiar with all these different Minnesota programs that are listed? I'm familiar with a lot of them. Yeah. Well, you know, there's a canon of construction that says when you have a list of things, then additional things that aren't listed ought to be similar in kind to the ones that are listed. Are you familiar with that canon of construction? I'll... You'll take it as a given? All right. Well, how would you say those things that are listed are similar to each other? And then, does the refunded issue here share whatever characteristics are common among the listed items? Well, I think one of the things, if you look at the courts have determined that an earned income credit is relief based on need, which is quite similar. It's for lower income people, it phases out at a certain level. As far as the list, I mean, a lot of them are means tested. Once you get to a certain level and a certain threshold, it ends. And I think that's the real definition of means testing here. The legislature has drawn a line in the sand, and I don't know that it's up to this court to go say, hey, we would have drawn the line in the sand someplace else. And that's what I think is the overriding similarity between all of these different types of relief based on need. Particularly... When you say the line in the sand, you mean the income cutoff? Right. The income cutoff eventually at $105,000 plus. And Hardy says you look at the operation of the statute in practice. In this particular case, the refund is phased out at higher levels. And I do want to just... Well, I guess I did. We touched on that. This is not really a refund of overpaid property taxes. And one of the things that the BAP had mentioned also in looking at the legislative history was that, well, some of these figures and these caps went up over the course of time. That doesn't help lower income people. That helps higher income people. My response to that is that's simply adjustments for inflation and over the course of time. And I don't know that that's particularly dispositive. You know if any of these other listed programs go up as high as $105,000? The medical Minnesota Care... I think a lot of them might be functions of household size. And the bigger the household size, the higher the income could. So a family with 8 or 10 children might be eligible for some of these programs at $100,000 per year. The property tax is not based on household size. With that said, I'd like to just reserve my remaining time for rebuttal. All right. Thank you, Mr. Thiessen. Thank you. Mr. Swanson. May it please the court. My name is Matthew Swanson, and I am counsel for the appellee in this matter, Randall Seaver, who is the Chapter 7 bankruptcy trustee in the underlying case. The Bankruptcy Court and the Bankruptcy Appellate Panel properly decided that a Minnesota property tax refund is not government assistance based on need pursuant to Minnesota statutes. And that decision is consistent with this court's holding in Hardy v. Fink. The Minnesota Property Tax Refund Act is distinctly different and distinguishable from the ACTC, which was dealt with in Hardy by this court for several reasons. And it is evidenced by the legislature's, the Minnesota legislature's intent in enacting the statute, the amendments made to the statute over the course of 40 years, and finally the operation of the statute in practice. The two issues I'd like to focus on today are one, the distinguishing features between the amendments in the Minnesota Property Tax Refund Act that we're dealing with in this case, and those reviewed by this court in the Hardy v. Fink case. And then also some unique provisions of the Minnesota Property Tax Refund Act and the Minnesota Exemption Statute at issue today which provide further support for the Bankruptcy Appellate Panel's decision in finding that this is not government assistance based on need. The Hardy case is important as the debtors, or as Mr. Tyson said. The crux of their case is essentially that the decision in Hardy v. Fink by this court overrules or overturns the decision by Mantee v. Johnson concerning a property tax refund under the Minnesota statute. However, when this court overturned the Bankruptcy Appellate Panel's decision in Hardy, the court focused on the amendments made to the statute, which those amendments were not analyzed or reviewed or discussed by the Bankruptcy Appellate Panel. When the Bankruptcy Appellate Panel reviewed the ACTC, they were focusing on a $75,000 phase out for an individual and a $110,000 phase out for an individual. However, when it was presented to the Eighth Circuit, the Eighth Circuit looked at the operation of the statute in practice based on amendments that had been made to the ACTC over a decade. They noted that in practice, the phase out amount for the refundable portion of the ACTC was actually much lower and was actually lower than $40,000. It was just based on a component of you're only entitled to a refund for the CTC if you don't have taxable income, if it exceeds the amount of taxable income that you have. In our case, we have the exact opposite. Over the course of the statute, the Minnesota Property Tax Refund Act, we've seen the Minnesota legislature increase the phase out amount for the higher income earners. In 1989, the maximum increase or the maximum amount that an individual could earn in a year and be entitled to a refund was $35,000 and it was increased to $60,000 in 1989. In 2001, it was increased again to $77,520. And then in 2013, it was increased to $105,500. These amendments are relevant because they show, unlike the Hardy decision and unlike the ACTC, we don't see that the legislature in Minnesota is narrowly tailoring these refunds for lower income individuals. In the Hardy decision, they cited to a hatch, in re hatch out of Iowa, which stated that the effect of the amendments for the ACTC made the refund almost exclusively available to lower income individuals. We do not have that in this case. In this case, we have the income being increased, not only at the phase out amount, but then there's a component that's discussed in the briefs, there's a component of the statute which requires, It's your percentage of liability, essentially, for your, they multiply this factor by your income to help determine the refund amount. And they've cut that in half, essentially, for the highest income earning category for Minnesota taxpayers and homeowners. Thereby increasing the available refund for the highest earning wage earners under the statute. And I just want to address the question regarding need. How do we determine if what is need based? Well, what the appellant is asking is that even though the argument that it overwhelmingly benefits the lower income individuals is not dispositive. What we're looking at today in the argument is, if even $1 is paid to a higher income individual, a person making $105,500, for instance, deciding that this is government assistance based on need, we would have to state that that money is based on need. Not just because the money would go to the lower income individuals it's need, but any payment under the Minnesota Property Tax Refund Act, which would be subject to exemption under Minnesota statute section 550.37, would have to be deemed government assistance based on need. And the bankruptcy appellate panel was unwilling to take that step and say that higher wage earners earning up to $105,000 are individuals based on need. And I don't think this court should either. There are cases- Well, what's the point of the cutoff, then? I mean, I guess in some sense, the legislature decided people at 100,000 have a need for this, and people above 105 do not, right? I mean, that's sort of obvious, but- Yeah, I mean, it is a progressive tax system, similar to our income tax system. So one thing that concerned me, of course, Mandy against Johnson, whether it's quote overruled or not, is not binding on this court. You understand that, right? It's just an opinion of the BAP, and Judge Fetterman's opinion made this colorful point about how if the debtor had paid the correct amount, the cash remaining in the debtor's pocket would not be exempt. But I'm concerned about whether this really is a refund in the sense that the BAP seemed to think it was in that case. It sounds like it's more of a transfer payment, because the money that's paid into the county is not refunded back to the debtor. As I understand it, correct me if I'm wrong, the state is just taking tax money from some people and transferring it to people who paid property tax and have incomes under 105,000. That would be my understanding as well. It's a transfer payment, so it isn't really- The cash wouldn't have remained in her pocket if she hadn't paid it. The same cash isn't coming back to her. That's correct. However, I think the appropriate analysis, and this goes to Minnesota Statute Section 290A.10, which requires that you have actually paid your property tax refunds in order to be eligible for a property tax refund. I apologize, paid your property taxes for the prior year in order to be eligible for a refund. Therefore, it's not just simply a credit that's given to all homeowners based on income. You actually have had to pay your property taxes in order to receive the refund. And one of the factors in calculating your refund is how much property taxes you paid in the prior year. And payable in the year to come as well. Furthermore, when we're looking at whether or not it's an actual refund, another provision of the Minnesota Statute Section 298.15, which I think is instructive, is that the fact that the state is able to seize an individual's property tax refund if they're delinquent in any other taxes. So if this is really a credit based on need, it doesn't seem It doesn't seem like the state would give you a refund with one hand and then take it in another based on your different tax liability. If it's truly based on need, you would think the state wouldn't be able to reach that tax refund. So going back to the operation of the statute in practice. And once again, this goes to, why is it based on need? How do we determine if it's based on need? In practice, in income individuals in Minnesota, earning in excess of $105,000 because there are dependent exemptions from income as well, are eligible for this tax refund. When you look at the other cases that decide what constitutes government assistance based on need, including the additional child tax credit, the family working credit in the Tomzik case, and the K to 12 education credit in the Demetric case, all of those cases deal with individuals that are lower wage earning individuals and there's a phase out in a much smaller amount, less than half of what the phase out amount here is in the Minnesota Property Tax Refund Act. And finally, I want to address one more point that's unique to the Minnesota statute, and it was addressed by the BAP. Which one was it you said phases out at half of the amount here, the federal EICs, is that what you're talking about? I believe all of those phase out at half. It was the ACTC, the payments, the phase out amount under those statutes are half of what the phase out amount is. I just want to know which statutes you're referring to. I apologize. And it's the Hardy decision with the additional child tax credit. The phase out amount, I believe, was $37,700. That's not the statutes that issue at Hardy. Correct. But then there's also the Tomzik case, which I cited in our brief, that deals with the family working credit, Minnesota family working credit. And that's phased out, I believe it's even a smaller amount than the Hardy, or the ACTC under Hardy. And then the Demetric holding as well has a similar government assistance based on need with a very low phase out amount. But finally, I want to point out one more unique, distinct feature of the Minnesota statutes. Under Minnesota statute section 550.37 subdivision 14, an individual who is entitled to the government assistance, whatever his government assistance based on need, is also entitled to exempt his earnings for up to six months after return of that individual to employment and the ceasing of his eligibility for whatever it is determined or deemed to be government assistance based on need. So in this case, if a Minnesota property tax refund is deemed government assistance based on need, we have a scenario where an individual under subdivision 2H of the statute could have an unchecked amount of earnings, but still be eligible to exempt his earnings from garnishment for a period of six months after return to work, which is somewhat vague term. But six months after return to work and after the ending of, after the eligibility ceases. And it's difficult to say because of the statute, if you, you're eligible for a property tax refund, if you pay your property taxes and you live in your home on January 2nd of that year, you do not have to file your property tax refund application until August 15th of the following year. So if I'm eligible as of January 2nd of 2018, I don't have to actually file my property tax refund application until August 15th of 2019. At that point, I'm already eligible for another property tax refund for the following year. And so you create a situation if a Minnesota property tax refund is government assistance based on need, when does your eligibility cease and when would an individual returning from work with a high income, possibly up to $105,000 under 2A or under 2H with an amount that could be well in excess of that, when would that person, when would that person's income not be subject to garnishment under Minnesota Statute 550.37? Because of the issues... The question would be, when would it be? It would never be. And that's my point. And that's what the BAP took issue with. And that, I think that is, that is a clear issue with the statute in interpreting the Minnesota property refund tax, property tax refund to be government assistance based on need because it would create an unreasonable and absurd interpretation of the statute and result. And therefore, I believe this court should affirm the Bankruptcy Appellate Panel's decision, not only in this case, but also in Mantee v. Johnson, because the amendments to the Minnesota Property Tax Refund Act are not consistent with the amendments in the Hardy case, dealing with the ACTC. The amendments do not favor lower income individuals, are not tailored to favor lower income individuals, but make the act or make the refund available to higher individual income individuals as well. And therefore, I ask that the court affirm the BAP's decision. Thank you. Thank you, Mr. Swanson. Mr. Thiessen, your rebuttal? Unless your honors have any other questions, I don't have anything to add. I don't see any questions. Thank you. Thank you. The court thanks you both for your presence. The arguments you've provided to the court will take your case under advisement.